UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

    v.

JOYCE M. STONE, CHARLES J.
FREED, STONE & ASSOCIATES,
and JULIE SHAFFER,

          Defendants.

_____/

Case No. 1:06-CV-157

Hon. Richard Alan Enslen

**OPINION**

This matter is before the Court on Defendants Joyce M. Stone, Charles J. Freed, and Stone & Associates' Appeal of United States Magistrate Judge Ellen S. Carmody's June 22, 2006 Order, which denied their Motion for Stay of Civil Proceedings. Because Judge Carmody treated Defendants' Motion as non-dispositive, the Court reviews Judge Carmody's June 22, 2006 Order for clear error and to assure accordance of law. 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); W.D. MICH. LCIVR 72.3(a).

In applying this standard, the Court, like any reviewing court, will not reverse Judge Carmody's Order simply because the Court "would have decided the case differently." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985). "Rather, a reviewing court must ask whether, based 'on the entire evidence,' it is 'left with the definite and firm conviction that a mistake has been committed.'" *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). It is Defendants' task to convince this Court that such error resides in Judge Carmody's Order.

Defendants provide income tax return preparation services for individuals and small businesses in and around Hillsdale, Michigan.  Plaintiff alleges in its Complaint that Defendants willfully, recklessly, or due to an unrealistic position, understated their clients' federal income tax liabilities.  Plaintiff's Complaint sought to enjoin Defendants from preparing any further income tax returns pursuant to 26 U.S.C. §§ 7402(a) and 7407.  In light of their conduct, Defendants are also the focus of a criminal investigation.  As such, Defendants moved to stay this action until the criminal investigation is completed so as to preserve their rights against self-incrimination by virtue of discovery in the civil case.  Plaintiff responded to the Motion and indicated that it would consent to a stay if Defendants would agree to a preliminary injunction preventing them from preparing tax returns during the stay.

Defendants' Motion was referred to Judge Carmody and she heard oral argument on May 22, 2006.[1]  At that hearing, Judge Carmody indicated her inclination to grant Defendants' Motion for Stay of Civil Proceedings, however, before a formal order could enter, Plaintiff filed Objections to Judge Carmody's anticipated decision.  Plaintiff's Objections prompted Judge Carmody to reconsider her anticipated decision and hold another hearing on Defendants' Motion on June 14, 2006.  At this hearing, Judge Carmody reversed herself and determined that because Plaintiff sought preliminary injunctive relief, granting Defendants' Motion would effectively dispose of a dispositive matter (*i.e.*, foreclosing preliminary injunctive relief) in excess of her authority under 28 U.S.C. § 636(b)(1).  Defendants timely objected.

The Federal Magistrates Act provides in pertinent part that:

---

[1] Plaintiff reiterated its request for a preliminary injunction on the record at the May 22, 2006 Hearing, and thus, satisfied the requirements of Federal Rule of Civil Procedure 7(b).

(A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

(B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

28 U.S.C. § 636(b)(1). It is undisputed that Plaintiff's request for a preliminary injunction was a dispositive matter that Judge Carmody correctly determined she was prohibited from deciding. However, the Court does believe that Judge Carmody erred in deciding—as opposed to issuing a report and recommendation—Defendants' Motion for Stay of Civil Proceedings because the Court considers this Motion dispositive in the context of this case.

The Sixth Circuit Court of Appeals has observed that:

Pretrial matters that a magistrate judge is precluded from "determining" pursuant to § 636(b)(1)(A) are called "dispositive" because they are "dispositive of a claim or defense of a party." FED. R. CIV. P. 72. In determining whether a particular motion is dispositive, this court undertakes functional analysis of the motion's potential effect on litigation. The list of dispositive motions contained in § 636(b)(1)(A) is nonexhaustive, and unlisted motions that are functionally equivalent to those listed in § 636(b)(1)(A) are also dispositive.

*Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 514-15 (6th Cir. 2001) (other citations omitted). Although Defendants' Motion for Stay of Civil Proceedings is not specifically listed in section 636(b)(1)(A) as a dispositive motion, given that Plaintiff sought preliminary injunctive relief, the Court believes that Defendants' Motion behaved as the functional equivalent of a dispositive motion

since approval of the motion would have worked to deny Plaintiff's request for preliminary injunctive relief.[2]

In other words, were Judge Carmody to grant Defendants' Motion for Stay of Civil Proceedings (a non-dispositive matter), it would have effectively disposed of Plaintiff's injunctive claims (a dispositive matter). Accordingly, the Court believes that the potential effect of Defendants' Motion for Stay of Civil Proceedings on the litigation warranted treatment as a dispositive motion under section 636(b)(1)(A). Rather than issuing a decision on Defendants' Motion for Stay of Civil Proceedings, Judge Carmody should have authored a report and recommendation for this Court.

Therefore, the Court will grant Defendants Joyce M. Stone, Charles J. Freed, and Stone & Associates' Appeal of United States Magistrate Judge Ellen S. Carmody's June 22, 2006 Order. An Order consistent with this Opinion shall enter.

                                          /s/ Richard Alan Enslen
DATED in Kalamazoo, MI:          RICHARD ALAN ENSLEN
        July 24, 2006                     SENIOR UNITED STATES DISTRICT JUDGE

---

[2] It is immaterial that Judge Carmody's denial of Defendants' Motion for Stay of Civil Proceedings avoided any dispositive rulings on Plaintiff's request for a preliminary injunction. *Vogel*'s functional analysis gauges the potential effect on the litigation, as opposed to what actually transpired.

-4-