UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

JOYCE M. STONE, CHARLES J.
FREED, STONE & ASSOCIATES,
and JULIE SHAFFER,

        Defendants.

_____/

Case No. 1:06-CV-157

Hon. Richard Alan Enslen

**OPINION**

    This matter is before the Court on Plaintiff United States of America's Motion for a Preliminary Injunction against Defendants Joyce M. Stone, Charles J. Freed, and Stone & Associates.[1]  The Motion has been fully briefed and the Court discerns no reason to hear oral argument.  W.D. MICH. LCIVR 7.2(d).  For the reasons set forth below, the Court will grant Plaintiff's Motion.

## I.    BACKGROUND

    Defendants Stone and Freed operate a tax preparation business known as Stone & Associates, which is also a named defendant in this case.  Defendant Stone is Defendant Freed's mother.  Together, the duo provides income tax return preparation services for individuals and small businesses in and around Hillsdale, Michigan.  Plaintiff alleges in its Complaint that Defendants willfully, recklessly, or due to an unrealistic position, understated their clients' federal income tax liabilities.  Plaintiff now seeks to enjoin Defendants from preparing any further income tax returns prior to final disposition of this case pursuant to 26 U.S.C. §§ 7402(a) and 7407.

_____

[1] Plaintiff has not sought a preliminary injunction against Defendant Julie Shaffer.

## II.    LEGAL STANDARDS

In pertinent part, 26 U.S.C. § 7407(a) authorizes the Court to enjoin any person who is an income tax return preparer from further acting in that capacity if the Court finds that the individual has "continually or repeatedly engaged in any conduct described in subparagraphs (A) through (D) of [subsection (b)] and that an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of this title."[2] Subsection (b) provides that injunctive relief is appropriate if the Court finds that an income tax return preparer has:

> (A) engaged in any conduct subject to penalty under section 6694[3] or 6695,[4] or subject to any criminal penalty provided by this title,
> (B) misrepresented his eligibility to practice before the Internal Revenue Service, or otherwise misrepresented his experience or education as an income tax return preparer,
> (C) guaranteed the payment of any tax refund or the allowance of any tax credit, or
> (D) engaged in any other fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue laws[.]

26 U.S.C. § 7407(b).  Thus, in order to issue an injunction, the Court must find that: (1) Defendants are tax preparers; (2) the conduct complained of fell within one of the four areas of proscribed by section 7407(b); and (3) that an injunction is appropriate to prevent the recurrence of the proscribed

---

[2] In addition, 26 U.S.C. § 7402(a) provides the Court with similar authority, albeit in more generic terms, to "make and issue in civil actions, writs and orders of injunction . . . and such other order and process, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws."  The Court has not considered section 7402(a) as a basis for injunctive relief.

[3] Section 6694 assesses a monetary penalty to an income tax return preparer for knowingly and frivolously understating a taxpayer's liability.

[4] Section 6695 assesses penalties for violations of the disclosure and record-keeping provisions of the statute.

conduct. *United States v. Ernst & Whinney*, 735 F.2d 1296, 1303 (11th Cir. 1984); *Untied States v. Franchi*, 756 F. Supp. 889, 891 (W.D. Pa. 1991).

Finally, because section 7407 is explicit and complete, the Court need not resort to and examine the traditional factors required for equitable relief. *United States v. Estate Pres. Servs.*, 202 F.3d 1093, 1098 (9th Cir. 2000) (citing *United States v. Buttorff*, 761 F.2d 1056, 1059 (5th Cir. 1985) and *Trailer Train Co. v. State Bd. of Equalization*, 697 F.2d 860, 869 (9th Cir. 1983)); *see also United States v. White*, 769 F.2d 511, 515 (8th Cir. 1985); *United States v. Baxter*, 372 F. Supp. 2d 1326, 1330 (M.D. Ala. 2005). With these principles in mind, the Court reviews Plaintiff's request for preliminary injunctive relief.

## III. DISCUSSION

### A. Defendants Are Tax Preparers

The Code defines an "income tax return preparer" as "any person who prepares for compensation . . . any return of tax imposed by subtitle A or any claim for refund of tax imposed by subtitle A." 26 U.S.C. § 7701(a)(36)(A). Defendants readily admit they are tax preparers. (*See generally* Defs.' Mot. to Stay & Defs.' Resp. to Pl.'s Mot. for Prelim. Inj.).

### B. Defendants Engaged in Conduct Subject to Penalty under the Internal Revenue Code

An income tax return preparer violates section 6694 if: (1) the preparer files a return or claim for refund that contains an understatement of liability due to a position for which there was not a realistic possibility of being sustained on the merits; (2) the preparer knew or should have known the nature of such a position; and (3) the position was frivolous. 26 U.S.C. § 6694(a). Plaintiff

asserts that the undisputed evidence shows Defendants have continually and repeatedly engaged in conduct that violates section 6694.

In support of that contention, Plaintiff submitted the affidavits of several of Defendants' former clients. The evidence presented is compelling. Affiant Jody L. Groh states that Defendant Stone interviewed her so that Defendant Stone could prepare her income tax return. Groh states Defendant Stone asked her "[h]ow many miles do you drive to work? [Groh] told her, but also told [Defendant Stone] that [she] did not have any receipts for gas. [Defendant Stone] pointed to a shelf behind her where there was a shoebox [*sic*] and said that [Defendant Stone] had plenty." (Pl.'s Br. in Supp. of Mot. for Prelim. Inj., Attach. 1). Groh also states that Defendant Stone:

> [A]sked [her] about [her] children's sporting expense, such as shoes, drinks and food. [Defendant Stone] told [Groh] these items are all deductible. It wasn't until [she] went to another tax return preparer in a subsequent year that [she] found out that they are not. In 2001, there is a Schedule C on [her joint] return, which lists as the principle business truck driver. [Her] husband was not self-employed as a truck driver, but received W-2 wages as a truck driver. [Defendant Stone] was aware of this. [The Groh's] have no idea where the amounts on the Schedule C came from.

(*Id.*). Affiant Audrey Burgher recounts a similar experience. Burgher states that her "1999 return shows $14,251 for medical expenses. [She] do[es] not know where this number came from." (*Id.*). Burgher also states that Defendant Stone told her if she "did not have a receipt for an expense, that [she] shouldn't worry because [Defendants] had plenty of them." (*Id.*).

Affiant Travis Fosdick states that Defendant "Charles Freed[,] my tax preparer[,] presented me with . . . various gas receipts that were not mine. Charles told me to provide these receipts to the auditor . . . ." (*Id.*). Concerning the preparation of his income tax return, Fosdick remarks that "meals + entertainment for 2002 is a made up number that [Defendant Freed] put in the computer." (*Id.*). Fosdick further recounts that his "wife was not in school in 2002. We told [Defendant Freed]

that, he knew that, but he put the 'higher education' expense in on his own without our knowledge."

(*Id.*).  Finally, affiant Scott G. Goodpaster states that he and his wife:

> [B]rought [their] return from the previous year in to [Defendant Freed] and he must have picked up the idea that my wife had a Schedule C business from that return.  He listed the business activity as an athletic recruiter on the Schedule C.  We have no idea where the numbers on the Schedule C came from.  [Defendant Freed] fabricated all of the numbers on the Schedule C.  We never ever in a conversation told [Defendant Freed] that we had a business.  Not only did he fabricate the Schedule C, [Defendant Freed] also inflated other business expenses in which I never provided him.

(*Id.*, Attach. 2).

In response, Defendants have submitted some evidence that a few of their clients have been treated favorably in Internal Revenue Service audits or proceedings and impugned Plaintiff's affiants on largely irrelevant grounds.  Defendants efforts do little to disturb the probative and persuasive force of Plaintiff's evidence.  Consequently, the Court finds that the preponderance of evidence decidedly tips in favor of a finding that Defendants engaged in conduct subject to penalty under the Internal Revenue Code.  Furthermore, the Court also deems Defendants' behavior to have substantially interfered with the proper administration of the internal revenue laws.

Although there is a relative dearth of precedent available examining requests for preliminary injunctive relief under section 7407, the Court's findings are in accord with existing authority.  *See United States v. Paul*, No. C04-0916L, 2004 WL 3250168, at *3 (W.D. Wash. Sept. 17, 2004) (declarations detailing preparer's attribution of fictitious business losses, charitable contributions, and unreimbursed employee business expenses to taxpayers' returns was sufficient to establish conduct subject to penalty under Internal Revenue Code); *United States v. DeAngelo*, No. SACV 03251GLT, 2003 WL 23696247, at *1 (C.D. Cal.  July 30, 2003); *Franchi*, 756 F. Supp. at 891

(preparer who fabricated and inflated expenses violated section 7407(b)(1)(D)); *United States v. Venie*, 691 F. Supp. 834, 837 (M.D. Pa. 1988) (preparer who fabricated and inflated expenses violated section 6694).

> **C.     A Preliminary Injunction Is Appropriate to Prevent the Recurrence of the Proscribed Conduct**

The Internal Revenue Service has audited 125 income tax returns prepared by Defendants in tax years 1998, 2001, 2002, 2003, and 2004.[5] (*Id.*, Attach. 3).  The examined returns reflect a total understated tax liability of $785,392, or $6,283 per return.  (*Id.*).  From January 1, 2005, through December 31, 2005, Defendants prepared and filed 2,026 returns.  As of May 26, 2006, Defendants have prepared and filed 1,786 returns.  Given the volume of returns generated and the potentially large amount of understated tax liability, the Court believes that, absent an injunction, Defendants' deleterious behavior is all but certain to occur.  Accordingly, the Court finds that a preliminary injunction is necessary to prevent Defendants from engaging in conduct subject to Internal Revenue Code penalties or otherwise interfering with the proper administration of internal revenue laws.

**IV.     CONCLUSION**

Therefore, having found that Plaintiff satisfied the statutory elements required for a preliminary injunction under 26 U.S.C. § 7407, the Court will grant its Motion.  An Order and Preliminary Injunction consistent with Opinion shall enter.

|  |  |
|---|---|
|  | /s/ Richard Alan Enslen |
| DATED in Kalamazoo, MI: | RICHARD ALAN ENSLEN |
| August 7, 2006 | SENIOR UNITED STATES DISTRICT JUDGE |

---

[5] The figures referenced in this section include Defendant Shaffer's involvement.  Even so, they are nonetheless damning.