UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:06-CV-157 |
| Plaintiff, | Hon. Richard Alan Enslen |
| v. | |
| JOYCE M. STONE, CHARLES J. FREED, STONE & ASSOCIATES, and JULIE SHAFFER, | |
| Defendants. | **ORDER** |

_____/

This matter is before the Court on Defendants Joyce M. Stone, Charles J. Freed, and Stone & Associates' Motion for Reconsideration of the Court's August 7, 2006 Order granting Plaintiffs' Motion for Preliminary Injunction. Under Rule 7.4(a), Defendants must demonstrate that the Court's Order suffers from a palpable defect, and must "also show that a different disposition of the case must result from a correction thereof." W.D. MICH. LCIVR 7.4(a). Further, "[t]he proper pretrial procedure is that when a ruling is made on a motion for preliminary injunction, an aggrieved party must either file a timely interlocutory appeal or request reconsideration on the basis of changed or otherwise unforeseen and unforeseeable circumstances." *F.W. Kerr Chem. Co. v. Crandall Assoc., Inc.*, 815 F.2d 426, 429 (6th Cir. 1987).

Defendants submit personal Affidavits, previously withheld in reliance on the Fifth Amendment privilege against self-incrimination, and argue the addition of these Affidavits alter the outcome of the Court's determination that a preliminary injunction was appropriate. In granting Plaintiff's Motion for a Preliminary Injunction pursuant to 26 U.S.C. § 7407(a), the Court employed a three-prong test: (1) Defendants are tax preparers; (2) the conduct complained off falls within one

of the four areas proscribed by section 7404(b); and (3) that an injunction is appropriate to prevent the recurrence of the proscribed conduct. *United States v. Ernst & Whitney*, 735 F.2d 1296, 1303 (11th Cir. 1984); *United States v. Franchi*, 756 F. Supp. 889, 891 (W.D. Pa. 1991). Specifically, Defendants argue the Court's analysis as to the second and third prong of the above test will be altered by the submission of these Affidavits such as to produce a "palpable defect."

As to the second-prong, Defendants claim that the Affidavits, which contradict Plaintiff's witnesses, neutralizes Plaintiff's evidence and, therefore, will change the Court's determination that "a preponderance of the evidence decidedly tips in favor of finding that Defendants engaged in activity subject to penalty under the Internal Revenue Code." (Op. Aug. 7, 2006 at 5.) The Court disagrees. The Affidavits do not rise to the level of being changed, unforeseen, or unforeseeable circumstances that would make reconsideration appropriate. *F.W. Kerr Chem. Co.,* 815 F.2d at 429. Defendants were on notice of Plaintiff's evidence, knew of the impending possibility of an injunction, and did not make these submissions; rather, they waited in reliance on the Court finding in their favor. Further, assuming *arguenduo*, these Affidavits were timely, they do not "show that a different disposition of the case *must* result from a correction thereof." W.D. MICH. LCIVR 7.4(a). Indeed, the Defendants' Affidavits only contradict Plaintiff's four witnesses, and therefore do not prove falsity but only raise the issue of credibility. The mere submission of Defendants' Affidavits does not dictate the Court finding by a preponderance of the evidence that Defendants did not engage in conduct subject to penalty under the Internal Revenue Code.

As to the third-prong, Defendants contend because the Affidavits call into question the veracity of Plaintiff's witnesses, the Court's assessment that an injunction is appropriate to prevent the recurrence of the proscribed activity is no longer correct. Defendants argue because the

Affidavits are a denial by Defendants of the acts under oath, the Court cannot properly conclude that an injunction is appropriate. The Court again disagrees. Defendants have not contradicted the 125 audited income tax returns prepared by Defendants which show a total understated tax liability of $786,392 or $6,283 per return. (Pl.'s Br. in Supp. of Mot. for Prelim. Inj., Attach. 3.)  Even if the Court were to assume that the number of returns filed by Defendants to date in 2006 were 300 to 400 (as Defendants argue) rather than 1,786 (the number previously relied upon by the Court), this does not suggest that the understated liability has become *de minimis*. Assuming again that the Affidavits were timely, the fact that Defendants have now denied the activity under oath does not negate the evidence of the understated tax liability, or neutralize the large probability of this behavior reoccurring.

For these reasons, the "new" evidence does not show a palpable defect, nor does it demonstrate that a different disposition must result.

**THEREFORE, IT IS HEREBY ORDERED** that Defendants Joyce M. Stone, Charles J. Freed, and Stone & Associates' Motion for Reconsideration (Dkt. No. 38) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>October 18, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |